UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JEFFREY POPKIN,

    Plaintiff,

vs.

FEDEX CORPORATE
SERVICES, INC.,

    Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, FedEx Corporate Services, Inc. ("FXCS") hereby removes the above-captioned action from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida. Attached as Exhibit A to this Notice is a copy of all court filings served on Defendant in this action. As grounds for removal, FXCS states as follows:

### I.  STATE COURT PROCEEDINGS

1.  On November 16, 2018, Jeffrey Popkin ("Plaintiff"), filed a Complaint against FXCS in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. Plaintiff alleges that:

> On or about January 16, 2018, Defendant's FEDEX, employee, agent and/or representative, drove through and into Renaissance Hotel's window, smashing into the hotel's restaurant/bar area, located at 9620 Airport Boulevard, Los Angeles, San Bernardino County, California, while in the course and scope of his employment of Defendant, FEDEX . . . causing the Plaintiff, POPKIN, to suffer serious and permanent injuries and damages, as more fully described below.

See Complaint, ¶¶ 6 -7.

2. FedEx Corporate Services, Inc. ("FXCS") submits that it had no involvement in the delivery operation involved, nor does it have any relationship to the driver, the vehicle, or the contractor.

3. The correct party in interest is FedEx Ground Package System, Inc. ("FXG"), who contracted with the driver's employer to perform delivery of packages. The contractor to FXG also owned the vehicle.

4. Plaintiff has acknowledged that FXG, and not FXCS, is the proper party, and has agreed to amend the Complaint. To date, however, an Amended Complaint has not been filed.

5. FXCS was served with the Complaint on or about November 19, 2018.

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b); *see also Fabre v. Bank of Am., NA*, 523 F. App'x 661, 663 (11th Cir. 2013)

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION OVER THE MATTER PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

6. As alleged in the Complaint, Plaintiff was, at all material times, a resident of Boca Raton, Palm Beach County, Florida. See Compl., ¶ 3.

7. Incorrectly named FXCS is, according to public records filed with the State of Florida Secretary of State Division of Corporations, a foreign company incorporated under the laws of Delaware, with its principal place of business in Memphis, Tennessee.

8. FXG, the proper defendant entity, is, according to public records filed with the State of Florida Secretary of State Division of Corporations, a foreign company incorporated under the laws of Delaware, with its principal place of business in Moon Township, Pennsylvania.

9. As stated in the Complaint, the subject incident occurred in Los Angeles, San Bernardino, California. See Compl., ¶ 6.

10. The defendant that is the subject of the Complaint was, according to the allegations

in the Complaint, conducting business in Los Angeles, San Bernardino, California, at the time of the incident.

11. Additionally, although Plaintiff does not identify FXG's contractor in the Complaint, it does allege that the subject vehicle bore the following on the driver's side, "F.X.G.C., INC., Glendale, CA," apparently a company based in California. See Compl., ¶ 4.

12. Removal is proper under 28 U.S.C. §§ 1332(a)(1) and 1441(b)(2), because: (1) Defendants and Plaintiff are citizens of different States for jurisdictional purposes; (2) it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) no named defendant is a resident of the State of Florida. 28 U.S.C. §§ 1332(a)(1) and 1441(b)(2); *see also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014).

A. **Complete Diversity Exists Under 28 U.S.C. § 1332:**

13. For diversity jurisdiction to apply, all Defendants must be of a different citizenship as Plaintiff, or vice versa. 28 U.S.C. § 1332(a)(1). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" 28 U.S.C. § 1332(c)(1).

14. In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the United States Supreme Court held that the term "principal place of business," for the purposes of federal diversity jurisdiction, refers to the corporation's "nerve center"— that is, "where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S. Ct. at 1186. The Court noted that, "in practice, this nerve center will 'normally be the place where the corporation maintains its headquarters.'" *Id.* at 1192.

15. Under the *Hertz* analysis, FXCS is a citizen of Tennessee and FXG is a citizen of Pennsylvania.

16.     There is complete diversity between the Defendants and Plaintiff. Although FXG, FXG's contractor, and the driver are not identified as parties in the Complaint, neither are citizens of Florida, and complete diversity remains intact if they were to be included.

**B.      The Amount in Controversy Exceeds $75,000 Exclusive of Interests and Costs:**

17.     Pursuant to 28 U.S.C. § 1332(a), "[U.S.] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

18.     Where, as here, a plaintiff has not pled a specific amount of damages, a defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *See Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317, 1319 (N.D. Ala. 2015) (internal citations omitted).

19.     The Eleventh Circuit "permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *See id.* (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)).

20.     Under this standard, the evidence must show that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *See Pretka*, 608 F.3d at 752.

21.     Here, the Complaint alleges that Defendant's agent "smashed" into and through the window of the Renaissance Hotel, where plaintiff was located, "causing the Plaintiff, POPKIN, to suffer serious and permanent injuries and damages." See Compl., ¶ 7.

22.     Plaintiff's claimed injuries include:

> [B]odily injuries and/or an aggravation of a pre-existing condition which has resulted in pain and suffering, disability, disfigurement, mental anguish, lost wages, and/or future loss of earning capacity[,] loss of capacity for the enjoyment of life, and expense of medical and related care and treatment. The losses are either

permanent or continuing in nature, and Plaintiff, POPKIN, will suffer these losses in the future.

See Compl., ¶ 10.

23. Although Plaintiff alleges merely that the damages he claims exceed the state circuit court jurisdictional amount of $15,000, Plaintiff's Complaint more likely than not seeks damages in excess of $75,000, exclusive of interests and costs.

### III. CONCLUSION

24. The federal district court has jurisdiction of this matter for the reasons described herein.

25. Defendants will also move this Honorable Court to rule that venue is improper in Florida, and Plaintiff's Complaint must, therefore, be dismissed because the Plaintiff's cause of action arose in California, or alternatively, transferred to the United States District Court for the Central District of California.

26. However, because Plaintiff filed the Complaint in Palm Beach County, Florida, this this Court represents the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, this Court has jurisdiction to determine the disposition of this action.

27. Defendant will promptly serve Plaintiff with this Notice of Removal and file a copy with the clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, where the State Court Action is currently pending. 28 U.S.C. § 1446(d).

Respectfully submitted this 7th day of December, 2018.

By: /s/ Gabriel Costa
Gabriel A. Costa

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on this 7th day of December 2018, a true and correct copy of the foregoing was served via email on the counsel listed on the following service list.

By: */s/ Gabriel Costa*
**Gabriel A. Costa**
FBN: 067361
Email: Gcosta@callahanfusco.com
**CALLAHAN & FUSCO, LLC**
200 SW 1st Avenue, Suite 840
Ft. Lauderdale FL 33301
Tel: 754-227-9770
*Counsel for Defendant*
*FedEx Corporate Services, Inc. and*
*FedEx Ground Package System, Inc.*

Service List
*Jeffrey Popkin v. FedEx Corporate Services, Inc.*

> **THE LAW OFFICES OF**
> **BERMAN & BERMAN, P.A.**
> *Attorneys for the Plaintiff*
> PO Box 272789
> Boca Raton, Florida 33427
> Tel: (561) 826-5200
> Fax: (561) 826-5201
> Designated Service Email:
> service@thebermanlawgroup.com